IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                    Plaintiff,                    OPINION and ORDER

  v.

                                                 22-cv-464-jdp

AMANDA TREMBLEY, DOE #1, and DOE #2,

                    Defendants.

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, without counsel, is currently incarcerated at Waupun Correctional Institution. Helmueller alleges that staff at the St. Croix County Jail failed to protect him from an attack by another inmate. I granted Helmueller leave to proceed on Fourteenth Amendment failure-to-protect claims and state-law negligence claims against defendants Amanda Trembley and John Does Nos. 1 and 2.

This order addresses several filings by the parties, including two motions for summary judgment by defendant Trembley, one for Helmueller's failure to exhaust his administrative remedies and the other on substantive grounds. Dkts. 22 and 71. I will grant Trembley's motions and dismiss the case because the undisputed facts show that Helmueller failed to exhaust his administrative remedies for his Fourteenth Amendment claims and that he failed to follow Wisconsin's notice-of-claim procedures for his negligence claims.

ANALYSIS

A.  Preliminary matters

Before addressing defendant Trembley's motions for summary judgment, I will address several preliminary matters.

Helmueller has filed a motion to compel discovery, stating that Trembley did not respond to his first set of discovery requests. Dkt. 31. But Helmueller sent those requests to the court, not to Trembley, as required. Because Helmueller failed to properly serve Trembley with the discovery requests, I will deny his motion to compel.

Helmueller has filed a motion to sanction Trembley's counsel for what he believes is "dishonest conduct" or "malicious retaliation," stating that (1) Trembley received a copy of his discovery requests through the court's docket; and that (2) counsel is retaliating against him by sending him mail in envelopes without a return address, which his current prison will not accept. Dkt. 35. This motion is substantially similar to his motions in case Nos. 22-cv-445-jdp and 22-cv-455-jdp. I will deny his current motion for the same reasons I denied his motions in those cases: Helmueller was mistaken about how to properly serve counsel with his first set of discovery requests, and because counsel adequately explained that the mailing problems were a mistake.

Helmueller moves for appointment of counsel. Dkt. 57. As I have previously explained to Helmueller, this court can't appoint him counsel but could assist in recruiting counsel who may be willing to serve voluntarily. There isn't any reason to consider this motion further because I am dismissing the case for problems with Helmueller's case that couldn't be fixed by better representation.

Helmueller asks the court to send him one of two copies of a thumb drive (docketed at Dkts. 79 and 80) containing video that appears to be from Helmueller's cell after the incident. Dkt. 102. I will grant that motion, but Helmueller can only possess it subject to prison property rules. I will direct the clerk of court to send a copy of this order to Waupun Correctional Institution along with the thumb drive, and prison staff can decide whether to give it to

2

Helmueller or otherwise keep it in staff's possession for his viewing by request, as it appears they have done for other videos in Helmueller's cases in this court.

### B. Exhaustion of Fourteenth Amendment claims

Defendant Trembley moves for summary judgment on Helmueller's Fourteenth Amendment claims, arguing that Helmueller failed to exhaust his administrative remedies for those claims before filing this lawsuit. Dkt. 22.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison or jail conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the jail administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The incident at issue in this case, Helmueller's altercation with another inmate and defendants' failure to intervene to stop the fight, took place on May 31, 2020. Trembley contends that Helmueller failed to exhaust his administrative remedies on his failure-to-protect claim because he didn't file any timely grievance or timely appeals about this claim.

3

The parties get sidetracked disputing whether electronic grievances were filed on a kiosk or on a tablet in May 2020, and whether jail regulations in place at the time gave a deadline for inmates to file a grievance about a specific incident. It's undisputed that the jail had an electronic grievance system in May 2020 and that Helmueller used it regularly. In support of her motion, Trembley submitted a jail handbook including a rule stating that grievances must be filed within 24 hours of the precipitating event. Dkt. 25-1, at 33. But that handbook clearly postdates the events at issue—the cover states "Updated August 2021." Trembley provides an affidavit stating that the rules were the same in May 2020, but Helmueller states that "to [his] knowledge" the grievance procedure at the time didn't have a 24-hour deadline. Ultimately, this issue is immaterial because Helmueller didn't have any grievances incorrectly denied as time-barred.

A regulation that is material here is the appeals process: Trembley states that if the prisoner gets an adverse response to his initial grievance, he must file two rounds of appeals, first to the jail captain and then to the sheriff. Helmueller doesn't dispute whether these procedures were in place in May 2020, other than to state that grievances can be "accepted [at] a lower level," Dkt. 29, at 13, and citing various grievance appeals of his that were marked as "accepted" by prison staff. *See* Dkt. 29-5, at 6; Dkt. 29-7, at 2; Dkt. 29-9, at 2. I agree that an "accepted" appeal can exhaust a grievance: in another of Helmueller's cases I concluded that the jail's "acceptance" of an appeal appeared to indicate that Helmueller had won his grievance and gave him no reason to think that he needed to appeal further. *Helmueller v. Meyer*, No. 22-cv-445-jdp, 2023 WL 6879886, at *2 (W.D. Wis. Oct. 18, 2023).

With these procedures in mind I'll discuss Helmueller's jail grievances submitted by the parties for purposes of Trembley's summary judgment motion.

4

A few days after the incident, Helmueller filed grievance No. 20085037 referring to the incident. He stated in part: "I'm upset that [Captain] Chris Drost doesn't spend more time making sure his deputies watch cameras for things like mentally ill inmates taking off their shirts and entering other inmate's cells and assaulting them." Dkt. 25-2 (edited for spelling and punctuation). Drost rejected the grievance, stating that "it's not a grievance, you are telling me how you feel," and that the district attorney was now investigating the altercation. *Id.* Helmueller appealed that ruling, with Drost rejecting the appeal, again stating that the district attorney was reviewing the incident for possible criminal charges. Helmueller was required to appeal that ruling to the sheriff but he did not. In his opposition brief he states that Drost blocked the appeal by ruling on his own rejection of Helmueller's grievance. If Helmueller means that it is a conflict of interest for Drost to serve as the appeal examiner for his own grievance ruling, I agree. But Helmueller does not explain why that would prevent him from appealing further to the sheriff, as required by the grievance regulations. Because Helmueller failed to exhaust each level of the jail grievance process, this grievance does not exhaust his administrative remedies.

Helmueller submits a series of later grievances, only some of which are at all related to the May 31, 2020 incident. Those are about Trembley destroying evidence and falsifying a report about the incident, Dkt. 29-5, at 6; Dkt. 29-6; Dkt. 29-7, due process violations related to jail officials' treatment of him after the incident, Dkt. 29-8, and his continuing injuries from the incident, Dkt. 29-9. Helmueller notes that the appeals of some of these grievances were "accepted," and that there was nothing left for him to exhaust for those grievances. But none of Helmueller's later grievances are directly about defendants failing to protect him from the assault. To properly exhaust an inmate's claims, a grievance must contain enough information

5

to "alert[ ] the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Because none of these grievances were about defendants' failure to protect him, they did not exhaust his Fourteenth Amendment claims in this lawsuit.

Therefore, I will grant defendant Trembley's exhaustion-based summary judgment motion on Helmueller's Fourteenth Amendment claim against her. Although Helmueller has not yet named the John Doe defendants, the same exhaustion analysis would apply with equal force to them. So I will dismiss all of Helmueller's Fourteenth Amendment claims. That dismissal is without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

**C. State-law negligence claims**

That leaves Helmueller's Wisconsin-law negligence claims against defendants. Ordinarily, this court will decline to exercise supplemental jurisdiction over state-law claims after it dismisses all federal causes of action. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). But here I will retain jurisdiction over the negligence claims and dismiss them as clearly meritless; it would be inefficient to leave the claim open for a later state court action. *See Korzen v. Local Union 705*, 75 F.3d 285, 288–89 (7th Cir. 1996) ("if the supplemental claim is easily shown to have no possible merit, dismissing it on the merits is a time saver for everybody").

Trembley contends that Helmueller's negligence claims should be dismissed because he failed to comply with Wisconsin's notice of claim statute for claims against municipal parties, Wis. Stat. § 893.80(1d). This statute says that "no action may be brought or maintained" against a county or county employee acting within the scope of his or her employment unless

6

three things occur. First, the plaintiff must serve "written notice of the circumstances of the claim" within "120 days after the happening of the event giving rise to the claim," using service methods identified in Wis. Stat. § 801.11. Wis. Stat. § 893.80(1d)(a). Second, the plaintiff must present a "claim containing the address of the claimant and an itemized statement of the relief sought" to "the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant." Wis. Stat. § 893.80(1d)(b). Third, the claim must be disallowed. *Id.* Failure to comply with either § 893.80(1d)(a) or (1d)(b) requires dismissal of the claim. *Stabenow v. City of Eau Claire*, 546 F. Supp. 3d 787, 803 (W.D. Wis. 2021); *Snopek v. Lakeland Med. Ctr.*, 223 Wis. 2d 288, 301, 588 N.W.2d 19 (1999).

Trembley contends that Helmueller never served her or the county with either a notice of circumstances or notice of claim. Helmueller argues that he did, with two September 2020 grievances. Dkts. 29-6 and 29-7. But the filing of an internal jail grievance does not comply with the service rules for either the notice of circumstances or notice of claim. So Helmueller has failed to comply with Wis. Stat. § 893.80(1d) and I must dismiss his state-law negligence claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman's motion to compel discovery, Dkt. 31, is DENIED.

2. Plaintiff's motion for sanctions, Dkt. 35, is DENIED.

3. Plaintiff's motion for recruitment of counsel, Dkt. 57, is DENIED without prejudice.

4. Plaintiff's motion for a copy of a thumb drive containing relevant video footage, Dkt. 102, is GRANTED. The clerk of court is directed to send that drive to Waupun Correctional Institution staff as directed in the opinion above.

5. Defendant Trembley's motions for summary judgment, Dkts. 22 and 71, are GRANTED.

6. The parties' remaining motions are DENIED as moot.

7. This case is DISMISSED. The clerk of court is directed to enter judgment accordingly and close the case.

Entered March 20, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge