IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                Plaintiff,                                  ORDER

   v.

                                                          22-cv-464-jdp

AMANDA TREMBLEY, DOE #1, and DOE #2,

                Defendants.

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, proceeding without counsel, alleges that when he was detained at the St. Croix County Jail, defendant officers failed to protect him from an attack by another inmate. I granted summary judgment to defendants on the ground that Helmueller failed to properly exhaust his administrative remedies for his claims. Dkt. 105. Helmueller moves for reconsideration of that decision. Dkt. 107 and Dkt. 109.

Because Helmueller filed his motion within 28 days of the judgment, I will construe this motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Relief under this provision is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Helmueller makes numerous arguments, most of which are plainly meritless. But he does raise one issue that warrants further discussion. He states that he was not allowed to fully appeal the first grievance he filed, No. 20085037, directed at non-defendant Drost but about

his failure to properly supervise his subordinates to prevent mentally ill inmates from assaulting him. Dkt. 25-2. Drost rejected the grievance and then also rejected Helmueller's appeal. *Id.* Helmueller was required to appeal that rejection to the sheriff but he did not. In my summary judgment order I stated the following:

> If Helmueller means that it is a conflict of interest for Drost to serve as the appeal examiner for his own grievance ruling, I agree. But Helmueller does not explain why that would prevent him from appealing further to the sheriff, as required by the grievance regulations.

Dkt. 105, at 4.

In his Rule 59 motion, Helmueller states that he could have explained it better the first time around, but that he did present a reason for failing to file an appeal to the sheriff: that the electronic system would not allow him to file a second appeal to the sheriff and that instead the captain was required to forward it to the sheriff. Defendants contend that Helmueller's Rule 59 motion isn't the place for him to rehash arguments he previously made or could have made. But this specific argument is something that Helmueller did raise in his opposition and that I overlooked in my previous opinion. I denied an exhaustion-based summary judgment motion in another of Helmueller's cases based on a similar argument, *See Helmueller v. Bradac*, No. 22-cv-455-jdp, 2024 WL 688524, at *2 (W.D. Wis. Feb. 20, 2024), albeit concerning a newer grievance-resolution system than the jail had in place at the time of the events in this case.

Before granting Helmueller's motion I will give defendants a chance to respond to this order, explaining whether the '37 grievance exhausted his administrative remedies under the rules then in place at the jail. In particular, they must include a response to the precise argument that Helmueller raises in his Rule 59 motion: that the electronic grievance system in

2

place at the time would not allow an appeal rejected by the captain to be appealed to the sheriff. And they must submit a copy of the exhaustion rules in place at the time. I will give Helmueller a chance to respond to defendants' supplemental brief.

ORDER

IT IS ORDERED that:

1. Defendants may have until November 25, 2024, to respond to this order as directed above.

2. Plaintiff may have until December 9 2024, to file a response.

Entered October 25, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge