IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                Plaintiff,                OPINION and ORDER

  v.

                                                  22-cv-464-jdp

AMANDA TREMBLEY, DOE #1, and DOE #2,

                Defendants.

---

      Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, proceeding without counsel, alleges that when he was detained at the St. Croix County Jail, defendant officers failed to protect him from an attack by another inmate. I granted summary judgment to defendants on the ground that Helmueller failed to properly exhaust his administrative remedies for his claims. Dkt. 105. Helmueller moves for reconsideration of that decision. Dkt. 107 and Dkt. 109. For the reasons stated below, I will deny Helmueller's motion.

ANALYSIS

      Helmueller argues that he was not allowed to fully exhaust the first grievance he filed, No. 20085037, directed at non-defendant Drost but about Drost's failure to properly supervise his subordinates to prevent mentally ill inmates from assaulting him. Dkt. 25-2. Drost rejected the grievance and then also rejected Helmueller's appeal. *Id.* Helmueller was required to appeal that rejection to the sheriff but he did not. In my summary judgment order I stated the following:

> If Helmueller means that it is a conflict of interest for Drost to serve as the appeal examiner for his own grievance ruling, I agree. But Helmueller does not explain why that would prevent him

>  from appealing further to the sheriff, as required by the grievance
>  regulations.

Dkt. 105, at 4.

In his Rule 59 motion, Helmueller states that he did previously present a reason for failing to file an appeal to the sheriff: that the electronic grievance system would not allow him to file a second appeal to the sheriff and that instead the captain was required to forward it to the sheriff. I previously denied an exhaustion-based summary judgment motion in another of Helmueller's cases based on a similar argument, *See Helmueller v. Bradac*, No. 22-cv-455-jdp, 2024 WL 688524, at *2 (W.D. Wis. Feb. 20, 2024), albeit concerning a newer grievance-resolution system than the jail had in place at the time of the events in this case. I directed defendants to respond to this argument.

Defendants respond with a declaration from Jail Administrator Kris Anderson explaining the electronic grievance system then in place at the jail. In particular, Anderson states that grievances were kept "open" until someone closed them, and that if a grievance was open after staff rejected a grievance or appeal, a detainee could submit comments or an appeal to the sheriff. The file from Helmueller's 20085037 grievance shows that the grievance was closed by Helmueller himself about two hours after Drost rejected his initial appeal. Dkt. 120-5. Although I gave Helmueller a chance to respond to defendants' submission, he did not. Thus it appears that Helmueller's failure to file an appeal to the sheriff was caused by his own action closing the grievance.

In any event, even had the evidence shown that Helmueller's failure to file an appeal to the sheriff was the fault of jail staff, there is another reason that I would uphold my previous decision granting summary judgment to defendants. It is undisputed that Helmueller filed the 20085037 grievance three days after the inmate attacked him. In their initial brief supporting

their motion for summary judgment, defendants argued that Helmueller filed the 20085037 grievance too late under the jail grievance rules, which had a 24-hour deadline. But they didn't properly support that assertion: in support of their motion they filed a version of the grievance rules in effect well after the incident at issue. Dkt. 105, at 4. In their supplemental materials they now submit the version of the rules in effect at the time of the events at issue, showing that the jail indeed had a 24-hour deadline for grievances. Dkt. 120-6, at 46 of the manual's internal pagination. Thus Helmueller's grievance didn't comply with jail rules. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (to comply with 42 U.S.C. § 1997e(a), prisoner must file grievances "in the place, and at the time, the prison's administrative rules require"). So I will deny Helmueller's Rule 59 motion and this case will remain closed.

ORDER

IT IS ORDERED that plaintiff's motion to alter or amend the judgment, Dkt. 107 and Dkt 109, is DENIED.

Entered August 21, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge